UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. ERWIN-EL,

    Plaintiff,

v.

GENESEE COUNTY LAND BANK
AUTHORITY,
JEREMY R.M. PIPER, and
JUDGE NATHANIEL PERRY,

    Defendants.

Case No. 2:19-cv-11522-LJM-SDD
Honorable Laurie J. Michelson

**ORDER DISMISSING CASE FOR LACK OF
SUBJECT MATTER JURISDICTION**

Robert Erwin-El has sued the Genesee County Land Bank Authority and others to, apparently, stop the Land Bank from taking possession of his residence and from evicting him. But Erwin-El filed his suit in federal court and federal courts can only decide certain types of cases. Based on the allegations in Erwin-El's complaint, this is not one of those types of cases. So Erwin-El's case will be dismissed for lack of subject-matter jurisdiction.

One type of case that federal courts can decide involves plaintiffs and defendants from different states. *See* 28 U.S.C. § 1332. Erwin-El states that he is a "Moorish American National" and suggests that he is a federal citizen with freehold status. (ECF No. 1, PageID.9; ECF No. 6, PageID.42.) But his complaint also indicates that he has been living in Michigan and, although he is being (or has been) evicted, nothing suggests that he intends to make another state his place of residence. So Erwin-El is a citizen of Michigan for purposes of § 1332. *U.S. Bank Nat. Ass'n v. Bey*, No. 3:10CV549, 2011 WL 1215738, at *3 (D. Conn. Mar. 28, 2011) (finding that defendant was a citizen of Connecticut under § 1332 despite defendant's claim that he was a "Moorish

National" and part of "a government separate and foreign to the UNITED STATES and the STATE OF CONNECTICUT"). And at least one of the three defendants (the Genesee County Land Bank Authority, the Land Bank's attorney, and a Genesee County judge) is a citizen of Michigan. So this Court does not have jurisdiction on the basis of diversity of citizenship. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806) (requiring each plaintiff to be from a state different from each defendant for jurisdiction to be proper under § 1332).

Federal courts can also decide cases presenting a federal question. 28 U.S.C. § 1331. To that end, Erwin-El's complaint lists numerous federal laws. But Erwin-El's complaint does nothing to show how Defendants violated these laws and thus any federal question is "wholly insubstantial and frivolous." *See Hamdi ex rel. Hamdi v. Napolitano*, 620 F.3d 615, 624 (6th Cir. 2010) ("[A] claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction . . . if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006))). Instead, the focus of his complaint appears to be enforcing his rights under "The Divine Constitution and By-Laws of the Moorish Science Temple of America; The Moorish Nation of North America; . . . Article VI of the United States Constitution Republic[;] . . . The Treaty of Peace and Friendship[.]" (ECF No. 6, PageID.42.) Those are not colorable claims "arising under" the laws of the United States as that phrase is used in § 1331. *See Knight v. Chatelain*, No. 8:19CV206, 2019 WL 2464789, at *5 (D. Neb. June 13, 2019) ("[A] litigant's reliance on any Barbary Treaty, including on the Treaty with Morocco, for the purposes of a civil suit raising claims based on the events that occurred within what is the United States' geographical territory is facially frivolous[.]"); *Bey v. Jones*, No. 19CV2577RRMPK, 2019 WL 2028703, at *2 (E.D.N.Y. May 8, 2019) ("Nothing in . . . the Treaty of Peace and Friendship, the

Articles of Confederation, or the Declaration of Independence provides a basis for the Court's jurisdiction over this state law landlord-tenant matter.").

Apart from a suit involving citizens of different states and one raising a federal question, there are other grounds for using in federal court. But Erwin-El's complaint does not raise any of those other grounds.

For the reasons stated, this federal court lacks jurisdiction over Erwin-El's suit. The complaint will be dismissed without prejudice.[1]

SO ORDERED.

Dated: July 2, 2019

s/Laurie J. Michelson
Laurie J. Michelson
U. S. District Judge

---

[1] The Court recognizes that this case is referred to a magistrate judge for all pretrial matters. That order of reference is revoked for purposes of entering this order.